IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 28, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

| | | |
|---|---|---|
| KEITH HUMMEL, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:26CV687 |
| | ) | |
| BAE SYSTEMS ORDNANCE SYSTEMS INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Serve: BAE Systems Ordnance Systems Inc.
Serve: United Agent Group Inc., Registered Agent
425 W. Washington Street, Suite 4
Suffolk, Virginia 23434

**VERIFIED COMPLAINT**

1. This is a suit for declaratory, monetary, and preliminary and permanent injunctive relief to redress a material, ongoing breach of contract brought by a physician against the federal government contractor which discharged him as medical director of its occupational health and safety clinic without cause.

Jurisdiction and Venue

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and more than $75,000 is in controversy (exclusive of costs and interest).

3. Venue is proper in the Western District of Virginia, where the contract in controversy was performed, the cause of action arose and the plaintiff resides.

Parties

4. Plaintiff Keith Hummel, M.D. ("Dr. Hummel") is a 75-year-old Occupational Medicine Physician and former United States Navy Flight Surgeon licensed by the Virginia Board of Medicine.

5. Dr. Hummel is a resident and citizen of Virginia.

6. Defendant BAE Systems Ordnance Systems, Inc. ("BAE Systems") is a Delaware corporation with its principal place of business and headquarters in Kingsport, Tennessee.

7. At all relevant times, BAE Systems has overseen and operated the federal arsenal in Radford, Virginia, known as the Radford Army Ammunition Plant ("the Arsenal"), and continuously maintained within the Arsenal an Occupational Health Clinic, as required by federal and state guidelines or regulations.

Facts

8. In accordance with a succession of one-year contracts, subcontracts, purchase orders or other binding agreements, BAE Systems since 2021 has retained Dr. Hummel as medical director of the Occupational Health Clinic at the Arsenal.

9. During each of these successive agreements, Dr. Hummel performed his medical and administrative responsibilities diligently and in keeping with prevailing standards of medical care and competency. At no point did Dr. Hummel give BAE Systems cause or grounds to terminate the parties' contracts during any contract term.

10. The most recent contract between the parties was a "Purchase Order" which became effective January 1, 2026, and by its terms was to continue in effect until December 31, 2026.

11. Attached as Exhibit A is a copy of the Purchase Order, which BAE Systems drafted and designated "Purchase Order Number RID-010621-01-VAL MOD 08," or Modification 8" ("Purchase Order Modification 8").

12. Purchase Order Modification 8 has several attachments and components, including but not limited to the following, all of which BAE drafted:

(1) A Statement of Work, an unsigned copy which is attached here as Exhibit B;

(2) BAEDOC NONUSGOVSERV (08/2025), General Clauses for Subcontracts/Purchase Orders for Services under a Commercial Contract or for Indirect Use ("General Provisions"), which is attached here as Exhibit C; and

(3) Supplemental Terms & Conditions.

13. The Supplemental Terms & Conditions are integrated into and part of Purchase Order Modification 8 by their express terms.

14. The Purchase Order and its Supplemental Terms & Conditions supersede, control, and take precedence over the General Provisions whenever any conflict or inconsistency exists between those two sets of contract documents.

15. Section 5 of the General Provisions, quoted in part below, establishes the primacy of the Supplemental Terms & Conditions in the event of any conflict or inconsistency:

**5. ORDER OF PRECEDENCE**

> Any inconsistences in this Contract shall be resolved in accordance with the following descending order of precedence:
>
> a) Purchase order;
>
> . . .

d) Any supplemental terms and conditions incorporated by reference under section 7;

e) These General Provisions; . . .

16. Purchase Order Modification 8 provides that BAE Systems shall pay Dr. Hummel $357,608.40 for his services as medical director for the period covering January 1 to December 31, 2026.

17. On June 17, 2026, BAE Systems issued Dr. Hummel the Notice of Termination of Contract attached as Exhibit D.

18. Citing Section 16(a) of the General Provisions, BAE Systems purported to terminate the parties' Subcontract "for convenience" and without any cause, deficient performance, or default on the physician's part.

19. BAE Systems had no contractual right, authority, or good faith basis to terminate the Subcontract "for convenience." The unilateral termination for convenience provision in Section 16(a) of the General Provisions is unenforceable for lack of mutuality.

20. Even assuming, arguendo, Section 16(a) is enforceable despite the absence of mutuality, Section 2.15 of the Supplemental Terms & Conditions limited BAE Systems to terminating the Subcontract for cause and in good faith. Section 2.15 of the Supplemental Terms & Conditions superseded and took precedence and control over the inconsistent terms and conditions of Section 16 of the General Provisions, including the "termination for convenience" option contained in Section 16(a).

21. Dr. Hummel promptly protested the Notice of Termination, and demanded payment of the fixed fee promised in Purchase Order Modification 8. BAE Systems, however, maintained its position that the government contractor was free to terminate the Subcontract

without advance notice or cause and rejected Dr. Hummel's claim for $194,766.12, the balance of wages or fees promised him in Purchase Order Modification 8.

22. As a direct result and consequence of BAE Systems' breach and refusal to perform its end of the parties' bargain, Dr. Hummel has sustained lost wages, fees, and compensation in the total amount of $194,766.12 for the period between June 18 and December 31, 2026.

## Claim for Relief

23. Paragraphs 1 through 22 are incorporated by reference as if fully restated in this claim for relief.

24. Section 2.15 of the Supplemental Terms & Conditions permitted BAE Systems to terminate the parties' Subcontract, i.e., Purchase Order Modification 8, for cause only following written notice and an opportunity to cure any alleged performance failures.

25. BAE Systems breached the Subcontract by terminating Dr. Hummel without notice and cause and by refusing to pay him for the balance of the Subcontract term (June 18-December 31, 2026).

26. Dr. Hummel faces irreparable harm and lacks an adequate remedy at law if he is not granted injunctive and other equitable relief.

WHEREFORE, Plaintiff, Keith Hummel, M.D., prays that the Court

1. Enter preliminary and permanent injunctions restoring the Purchase Order Modification 8 i.e., the parties' Subcontract, by reinstating Dr. Hummel as medical director and compelling BAE Systems to pay him for the balance of the Subcontract term or for an equivalent contract term at the same rate of compensation.

2. Enter a declaratory judgment that BAE Systems breached the parties' Purchase Order Modification 8, or Subcontract, by discharging him as medical director without cause and without paying him for the balance of the contract term (June 18-December 31, 2026).

3. Award him wages, fees, and other contract compensation in the amount of $194,766.12, plus prejudgment and post judgment interest.

4. Grant him such further legal, equitable, declaratory, and nominal relief the Court finds appropriate along with his costs expended.

KEITH HUMMEL, M.D.

By: s/Paul G. Beers
Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 300
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
E-mail: pbeers@glennfeldmann.com

Counsel for Keith Hummel, M.D.

<u>Declaration</u>

I, Keith Hummel, M.D., hereby declare as follows:

1. I am the Plaintiff who brings this civil action for injunctive, declaratory, and monetary relief.

2. I verify that the foregoing Complaint is accurate in all particulars.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2026.

KB Hummel

Keith Hummel, M.D.